[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought to the Waterbury Superior Court to dissolve the 43 year marriage of the parties who were married at Waterbury on April 17, 1954.
Having heard the evidence and testimony and having considered the provisions of Sections 46b-81 and 46b-082, Conn. General Statutes, the court makes the following findings and orders. CT Page 358
The parties have seven surviving children and one deceased child, none of whom are minors.
The plaintiff-husband is 64 years old and is employed by Naugatuck Chemical Company where he has worked for 34 years as a utility worker. His average net weekly income is $683.13. He is currently in good health, although he underwent surgery for colon cancer "a few years ago."
The defendant-wife is 62 years old and is not employed.
During the 43 year marriage she worked outside the home for only two years, most recently in 1988. She has raised eight children and had three miscarriages during the marriage. She did not finish her fourth year of high school and has no specific employment skills. She testified that she suffers from a variety of illnesses and ailments including high blood pressure, hiatal hernia, and depression. She testified she suffered a "silent heart attack" at some point during the marriage. She is under a doctor's care for depression and back and leg problems. She testified that she is unable to work, but offered no medical testimony to substantiate that claim.
During the pendency of this action the plaintiff was ordered to pay the defendant $270.00 per week for personal and household expenses and he was also required to pay to her one-third of the monthly mortgage obligation on the marital residence.
The defendant stopped paying the mortgage in February 1997 and the property has fallen into foreclosure with no anticipated redemption by either party. The parties estimated their equity to be between $7,000.00 and $8,000.00.
The defendant testified that "several years ago" she spent approximately $7,000.00 of a $10,000.00 workers' compensation award on a backyard swimming pool which is now gone.
The parties other jointly owned assets include a coin collection which the plaintiff valued at approximately $3,000.00, various collectibles including several clocks, mustache cups and pottery and several older motor vehicles — all of which having a total value of approximately $8,005.00. CT Page 359
By his employment, the plaintiff is the owner of a 401 (k) deferred savings plan valued at $14,568.36 on his January 6, 1998 financial affidavit; a vested pension plan which would pay him the sum of approximately $957.00 per month at age 65 (Pl. Ex 1); and a stock purchasing plan.
The plaintiff testified that throughout the marriage the defendant made him feel inadequate and that, in his opinion, nothing he ever did was good enough for her.
The defendant testified that the plaintiff caused arguments, withheld portions of his weekly pay, "hid" his paystubs from her and, over a period of 40 years, was occasionally physically abusive to her.
ORDER
Having considered the statutory alimony and property distribution criteria and having considered the evidence and testimony, the court enters the following orders.
A. The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and they are declared to be single and unmarried.
B. The court enters the following orders by way of alimony:
1. The plaintiff is ordered to pay to the defendant periodic alimony in the amount of $250.00 per week. Said alimony shall terminate upon the earliest of the following events:
a. death of the defendant;
b. death of the plaintiff;
c. remarriage of the defendant.
In accordance with Sec. 46b-82, C.G.S., the court by way of security for the payment of such alimony grants to the defendant a lien on the plaintiff's Uniroyal Chemical Company, Inc. Retirement Plan A.
C. The court enters the following orders by way of assignment of property: CT Page 360
1. The plaintiff shall convey to the defendant by a Qualified Domestic Relations Order fifty (50%) per cent of his 401 (k) deferred savings plan shown on his financial affidavit.
2. The plaintiff is ordered to execute whatever documents are required in order for the defendant to be the sole beneficiary of the plaintiff's Uniroyal Chemical Company, Inc. Retirement Plan A to be effect upon his death.
3. The plaintiff is to cooperate to make available to the defendant any continuation of his health insurance through his employer for the maximum period allowed by law. The plaintiff is to pay to the defendant the sum of $200.00 per month as his contribution toward her cost in maintaining such coverage.
4. The plaintiff shall convey to the defendant his right, title and interest in and to the 1987 Dodge van and to the 1986 Ford Bronco.
5. The defendant shall retain the household contents and furnishings with the exception of the following items which shall be retained by the plaintiff:
a. the coin collection;
b. the mustache mug collection;
c. the matchbox car collection;
d. the clocks, tools and exercise equipment;
e. the wooden cross;
f. the 1985 Ford truck;
g. the 1990 Buick Century.
6. The defendant shall retain the Roseville pottery.
7. The plaintiff shall retain the following items listed on his financial affidavit:
a. Thomaston Savings Bank account — $550.00; CT Page 361
b. Chemical and Plastic Workers account — $5.00;
c. Stock Purchase Plan — $640.00.
8. The plaintiff is to maintain the life insurance policies listed on his financial affidavit and is to maintain the defendant as the sole beneficiary of said life insurance.
9. The plaintiff shall pay the following liabilities listed on the defendant's financial affidavit and hold her harmless thereon:
1. Waterbury Hospital — $1330.00;
2. Waterbury Hospital — $1620.00.
The defendant shall be solely responsible for the remaining liabilities listed on her financial affidavit.
10. The parties are to be equally responsible for the $6,000 liability to Mastercard as shown on defendant's financial affidavit.
11. The parties are to retain any other items listed on their respective financial affidavits.
12. The parties shall each be solely responsible for their own counsel fees.
By The Court,
/s/ Joseph W. Doherty Joseph W. Doherty, Judge